CHARLES SCUDDER *&amp; al. versus* DAVID YOUNG, JR. *&amp; al.*

In equity, the Court can grant relief only *secundum allegata et probata ;* and under the prayer for general relief, it can give such relief only, as the case stated in the bill and sustained by the proof will justify.

Where, therefore, the bill contains no allegation not applicable to a bill seeking relief on the ground of a fraudulent conveyance of real estate ; and the proof fails to establish the fraud alleged; the Court cannot reach an equitable interest growing out of property conveyed without fraud, and grant relief on that account under the general prayer therefor.

BILL IN EQUITY. The substance of the bill, answers and proof is stated at the commencement of the opinion of the Court.

*F. Allen,* for the plaintiffs, said that on the whole they had concluded to acquiesce in the report of the master, and therefore moved that the report be accepted, and that a decree be passed to carry it into effect.

*Evans,* for the defendants, objected to the acceptance of the report; and in his argument in support of his objection, cited 3 Barb. &amp; H. Eq. Dig. 28, 32 ; 3 Paige, 478 ; 6 Johns. R. 564 ; 1 Cowan, 734 ; 4 Johns. C. R. 281 ; 3 Rand. 263 ; 5 Munf. 314 : 16 Peters, 195 ; 2 Howard, 383 ; 23 Maine R. 182 ; Mitf. Pl. 38 ; 5 Ves. 485 ; 13 Ves. 114.

*Allen,* in his argument in favor of the acceptance of the report, cited 8 Greenl. 373 ; 2 Shepl. 453 ; 4 Johns. R. 536 ; 20 Pick. 337 ; 3 Sumn. 466.

The opinion of the Court was drawn up by

SHEPLEY J. — This bill among other things alleges, that David Young, Jr. and William R. Babson, composing the firm of Young and Babson, during the years 1837, 8 and 9, purchased goods of the plaintiffs to the amount of between two and three thousand dollars ; that suits were commenced against them in February, 1840, on which their real estate was attached ; that judgments were obtained in October, 1841 ; that on December 20, 1841, the right of David Young, Jr. to redeem a

dwellinghouse and lot in Gardiner, was sold on execution and purchased by the plaintiffs for $800; and that the executions were returned unsatisfied for the remainder; that David Young, Jr. on May 14, 1838, with the intent to defraud his creditors, conveyed certain estates described, situated in Augusta, to his father, David Young; that on May 18, 1839, he received a conveyance of William B. Grant of the house lot in Gardiner; and at that time mortgaged the same to him to secure the payment of the purchase money, amounting to $700; that these conveyances were ante dated as of May 1, 1838; that Young, Jr. had erected a valuable dwellinghouse on that lot out of the avails of the property purchased of the plaintiffs; that on May 20, 1839, before his equity was sold to the plaintiffs, he had fraudulently conveyed this estate to his father, who on September 11, 1839, had fraudulently conveyed the same with other property to another son, Joseph Young.

The prayer of the bill is, that the defendants may be required to convey the house and lot in Gardiner to the plaintiffs; that they may be ordered to pay the amount still due to the plaintiffs; and for general relief. The proof has been taken, and the case, by agreement of the parties, has been submitted to a master to report the facts proved, and to state the result to which they would lead him. His report, substantially, negatives the fraud alleged in the conveyances, except in that from David Young to Joseph Young; and finds, that the conveyances from David Young, Jr. to David Young were made to secure the latter for liabilities, which he had assumed for the benefit of the former; that the amount received for the property so conveyed appears to have been more than sufficient for the discharge of all such liabilities; and that a balance, unless further proof should be admitted to reduce it, amounting to the sum of $597,74, would remain to be accounted for by the defendants, David and Joseph Young.

The counsel for the plaintiffs contends, that they are entitled to a decree to have that balance paid to them in satisfaction of their debt. This is resisted by the counsel for the defendants.

It must be admitted, that according to the report of the master, the plaintiffs have failed to prove the case, as it was alleged in their bill. They cannot be entitled to a decree for a conveyance of the house and lot in Gardiner; or to the proceeds of any property conveyed by David Young, Jr. in fraud of his creditors, for no such property is found to have been conveyed. Can they be entitled to a decree by virtue of the prayer for general relief to have any equitable interests or choses in action, which could not be reached by the ordinary process of law, applied to the payment of their debt? No doubt a creditor may, after he has exhausted his remedy at law, by what is denominated a creditor's bill, containing the necessary averments, reach, in a Court having a general jurisdiction in equity, such equitable interests and choses in action of his debtor. If this were such a Court, this is not such a bill. It contains no allegations not appropriate to a bill seeking relief upon the ground of fraud. The proof fails to establish the fraud alleged. The Court can grant relief only *secundum allegata et probata.* Under the prayer for general relief it can give such relief only, as the case stated in the bill and sustained by the proof will justify. *Hiern* v. *Mill*, 13 Ves. 119; *Hobson* v. *McArther*, 16 Peters, 195.

It is necessary to adhere to the rule, that the rights of parties may be properly protected. If a friend of a debtor should take a conveyance of his property in good faith, to secure himself only for liabilities assumed for him, and should in a bill in equity be charged with having taken the conveyance to defraud creditors, while framing his answer and procuring his proofs, his attention would be directed only to the disproof of the alleged fraud. He would not be called upon by such a bill to state or prove, what disposition he had made of the property conveyed to him, or whether it had proved to be more than sufficient to indemnify him. He might to a certain extent more or less fully, and perhaps in some cases fully, exhibit it by the answer and proofs introduced to refute the charge of fraud. What was designed for one purpose might also accomplish another; but it would be unsafe and unjust

for courts of justice to conclude, that a full and perfect account had been thus exhibited, and that another purpose not necessarily brought into consideration, while repelling the charge of fraud, had been perfectly accomplished. In this case the master does not allow the defendants, David and Joseph Young, the benefit of all payments, which they allege, that they have made to indemnify themselves. And very properly does not on the ground, that the proof is too general and vague. And this would be entirely correct and just, so far as they are concerned, if the bill had been framed so as to call upon them to make an exhibit and state an account of the amount received by them from the property conveyed to them, and of the manner, in which they had disposed of it. As it was not so framed, they ought not to be expected or required to do more than fully answer and disprove the allegations contained in it. And could not reasonably be expected to make such proof of each sum paid, and of each act performed, and the expenses attending it, as would be required in answer to a bill framed suitably to call for it. So careful was Chancellor Kent to preserve the rights of parties, that he would not allow guardians to be made chargeable for moneys not collected by them, on a bill charging certain acts of misconduct and neglect, because no such neglect of omitting to collect debts was charged in the bill. *Smith* v. *Smith,* 4 Johns. Ch. R. c. 286. This bill does not appear to have been framed, nor the answers to have been made, nor the proof to have been taken, with any view to reach equitable interests, which had come to the hands of the defendants, David Young and Joseph Young, derived from the property of David Young, jr. without fraud. It is not probable, that such an aspect of the case was presented to the mind of either counsel, until after the testimony had been taken. Before those defendants could in any Court be properly charged for the balance found by the master, they should be afforded an opportunity to state and prove an account of receipts, payments and expenditures, under a bill framed with the necessary averments to call for and to admit such exhibits and proofs. As there are no such averments in

this bill, it is not necessary to consider whether this Court would have jurisdiction of such a case.

*Bill dismissed with costs for the defendant.*