H. P. BOUTELLE & others *vs.* HENRY F. SMITH & another.

Worcester.    October 2. — 5, 1874.    COLT & MORTON, JJ., absent.

A. & B., bakers in F., bought of C. & D. their business as bakers in the same town, and their personal property connected with that business, and made a contract with them whereby C. & D. agreed "that they will not or either of them hereafter engage in the business of bakers in the town of F., and will not directly or indirectly engage in any business or do any act that shall interfere with the business thus purchased for the sale of bread on the several bread routes heretofore connected with said business," for five years. *Held*, that the contract was a valid one. *Held, also*, that C. & D. were liable, if one of them drove a bread cart in F. on his former routes and supplied his former customers with bread, acting as the hired servant of a baker in another town.

CONTRACT by H. P. Boutelle, H. R. Horton and H. L. Houghton, against Henry F. Smith and Charles T. Cushing, to recover the sum of one thousand dollars as liquidated damages, on a bond executed by the defendants, March 18, 1873, the condition of which was as follows : " The condition of this obligation is such, that whereas the said Boutelle, Horton and Houghton have this day purchased of the said Smith and Cushing their business as bakers, together with the personal property connected with said business, including the fixtures and property connected with the bakery located on Day Street, together with the bread carts and horses heretofore used by them in said business, and whereas the

said Smith and Cushing have for a valuable consideration agreed with the said Boutelle, Horton and Houghton that they will not or either of them hereafter engage in the business of bakers in said town of Fitchburg, and will not directly or indirectly engage in any business or do any act that shall interfere with the business thus purchased for the sale of bread on the several bread routes heretofore connected with said business. Now if the said Smith and Cushing shall at all times truly and faithfully perform their said agreement, then this obligation shall be void; otherwise to remain in full force and virtue for the five ensuing years."

At the trial in the Superior Court, before *Rockwell*, J., the plaintiffs, who are bakers in the city of Fitchburg, offered to prove that the defendant Smith had driven a bread cart for the plaintiffs and others in Fitchburg and towns adjoining, on certain established bread routes, (running out from Fitchburg for five or ten miles,) ten or fifteen years, and had an extensive knowledge of said several bread routes and controlled a large trade; that about two years prior to the commencement of this action the defendant Smith had left the employ of the plaintiffs and in connection with the defendant Cushing had commenced the business of bakers in Fitchburg; that the plaintiffs, in March, 1873, purchased the business thus carried on by said defendants, together with all their horses, carts, stock in trade and place of business, and the good will of their business, and took from the defendants the bond declared on; that the plaintiffs paid a large sum to the defendants for the good will of the business and to secure the patronage upon said bread routes and to obtain the right of exclusive sale of bread thereon, as against the defendants, and to prevent the defendants or either of them from using their knowledge thereof in any way to the injury of the plaintiffs; that about four months after the giving the bond, the defendant Smith voluntarily commenced to drive a bread cart in Fitchburg on his former routes and to supply his former customers with bread, acting as the hired servant of one D. C. Miles, a baker in Westminster, and has so continued to drive ever since; that the defendant Cushing had done no act in violation of said bond, but took no measures to prevent the doing of said acts by Smith.

Upon the offer by the plaintiffs to prove said statements and the production of the bond, the judge ruled that the evidence if

admitted would not sustain the action, and directed a verdict for the defendants. No question was raised at the trial as to the form of the pleadings. The plaintiffs alleged exceptions.

*H. C. Hartwell*, for the plaintiffs, was stopped by the court.

*G. A. Torrey*, for the defendants. 1. The agreement of the defendants is void as being in restraint of trade. Upon the authority of the older decisions it is void as being limited neither as to time nor place. The bond was to become void at the expiration of five years, but the agreement was perpetual. *Alger* v. *Thacher*, 19 Pick. 51. *Taylor* v. *Blanchard*, 13 Allen, 370. According to the later cases a person may " enter into any stipulation, however restrictive it is, provided that restriction, in the judgment of the court, is not unreasonable, having regard to the subject matter of the contract." *Leather Cloth Co.* v. *Lorsont*, Law Rep. 9 Eq. 345. *Morse Twist Drill Co.* v. *Morse*, 103 Mass. 73. Tested by this standard, the agreement in the case at bar is unreasonable and void. The sale was of no secret manufacture or process, but the baking and vending of bread in a certain locality. The defendants are restrained, not only from engaging in the business of bakers in said town of Fitchburg, but from engaging in any business or doing any act, at any place or time, that shall in any way interfere with the business of the plaintiffs ; and not only on the plaintiffs' theory does each of the defendants restrain himself, but each agrees that the other shall not violate the agreement. The invention of any patent process for manufacturing bread, or the discovery and promulgation of any method to cheapen the price of bread, or to render it more wholesome or nutritious than the kind of bread made by the plaintiffs, would be a violation of the agreement. The restraint is unnecessarily extensive. *Allsopp* v. *Wheatcroft*, L. R. 15 Eq. 59.

2. The plaintiffs cannot recover unless they prove that both of the defendants have violated the agreement. The agreement is that " they will not, or either of them, engage in the business of bakers in said town of Fitchburg, and will not (that is, both of them jointly) directly or indirectly engage in any business or do any act," &c. It is evident that one would not covenant that the other should do no act that might indirectly affect the business. In the case at bar, neither has engaged in the business of bakers in Fitchburg, and Cushing has done nothing.

3. The act of Smith in becoming the servant of another was not in violation of the agreement. If it is, the agreement is unreasonable. *Allsopp* v. *Wheatcroft*, L. R. 15 Eq. 59.

4. The defendant Cushing is not liable. The agreement could not have been that each should agree to control the other. If such is the effect, it is void.

GRAY, C. J. The validity of this contract is beyond dispute. The restriction which it imposes is confined to a particular place, and is but coextensive with the interests purchased by the defendants of the plaintiffs for a large sum. It is very like the contract upheld in the leading case of *Mitchel* v. *Reynolds*, 1 P. Wms. 181; *S. C.* 10 Mod. 27, 85, 130 ; Fortescue, 296 ; the principle of which has been repeatedly affirmed by this court. *Alger* v. *Thacher*, 19 Pick. 51, 53. *Gilman* v. *Dwight*, 13 Gray, 356. *Taylor* v. *Blanchard*, 13 Allen, 370, 374. By its grammatical construction and obvious intent, both the defendants agree that both and each of them will neither engage in the business of bakers in Fitchburg, nor directly or indirectly engage in any business or do any act that shall interfere with the business purchased of them by the plaintiffs. The acts of one of the defendants, offered to be proved at the trial, were a clear breach of their joint obligation. *Angier* v. *Webber*, 14 Allen, 211.

*Exceptions sustained.*