ERNEST EMERY, in equity, *vs.* BRYANT BRADLEY.

Hancock.     Opinion January 22, 1896.

*Equity.    Practice.    Restraint of Trade.    R. S., c. 77, §§ 19, 20, 25.*

The law court will consider and determine exceptions to part of a final decree in equity.

When a vendor of the plant and good will of a business stipulates as a part of the contract of sale, that he will not go into or carry on that kind of business in that place, he can be enjoined by decree in equity from carrying on that business in that place as clerk or agent of some other person.

ON EXCEPTIONS.

This was a bill in equity praying for an injunction, and after hearing on bill, answer and proof, the following final decree was entered, to which the defendant excepted: "That the preliminary injunction as issued upon the filing of the bill be made permanent, but to the extent and in the form following only, viz: that the said Bryant Bradley, and his attorneys and agents, are strictly enjoined and commanded by said court, under the penalty of being adjudged guilty of contempt, absolutely to desist and refrain from going into or carrying on the business of photography at said Bar Harbor, either in his own name or in the name of his minor son, or other person, or as clerk or agent of his said son or other person, and from going into or carrying on said business of photography at said Bar Harbor in any manner, directly or indirectly, and from all attempts directly or indirectly to accomplish such object forever, and that no costs be recovered by either party."

The case is stated in the opinion.

*J. A. Peters, Jr.,* for plaintiff.

*W. P. Foster and C. H. Wood*, for defendant.

Restraint which extends beyond any apparently necessary protection to the other party is unreasonable. *Herreshoff* v. *Boutineau*, 17 R. I. 3.

The rights of the plaintiff would be amply protected by enjoining the defendant from running a photograph business of his own. The clause of the decree which prohibits him from working at his trade or as a clerk in the employment of some other photographer is unreasonable and unjust. The bill itself shows that more than seven years had elapsed between the date of the sale and the bringing of this bill. Defendant had done nothing in the line of photographic work during that period, and whatever of reputation he had gained before the sale had been lost sight of by the public. It is preposterous to assume that the fact of the defendant working as a journeyman hand at his trade or as a clerk for some other photographer, should he desire to do so, would result in impairing in the slightest degree the value of the business he had sold more than seven years before to the plaintiff. He simply agreed not to go into or carry on the "said" business, and by the "said" business the parties intended that the defendant should not conduct a business similar to that which he was at that time disposing of. The language used should be taken in the common acceptation of the term "going into and carrying on business." The intention of the parties as evidenced by this language was that the defendant should not open a photograph gallery, should not advertise as a photographer, and in short should not "go into and carry on" the business of a photographer as that term is understood among business men and in business communities.

In *Clark* v. *Watkins*, the agreement was to "not carry on the business of a chemist either in his own name or for his own benefit or in the name or names or for the benefit of any other person." Held, that soliciting orders for another chemist was not a breach of this agreement. *Clark* v. *Watkins*, 9 Jur. N. S. 142.

On the sale of his business the vendor agreed that he would not carry on or exercise the trade, either in his own name or

that of any other person or persons, in a particular town ; held, that his managing the business of another person in the same trade in the town, at a weekly salary, was not a breach of the agreement. *Allen* v. *Taylor*, 19 W. R. 556.

Defendant sold "his business as a photographer" and promised not to "go into or carry on said business," "simply this and nothing more," he did not add, as do nearly all the cases in Mass. (like *Boutelle* v. *Smith*, 116 Mass. 111,) apparently against us, that he would not "act as clerk or agent," would do "nothing directly or indirectly," or some such kindred expression.

Contracts in limited . restraint of trade to be valid must be reasonable. *Carroll* v. *Giles*, (S. C.) 4 L. R. A. 154 and note.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, STROUT, JJ.

EMERY, J. This equity cause was heard by a single justice upon bill, answer and evidence, a replication being waived. After a final decree for the plaintiff had been signed, entered and filed, the defendant instead of appealing generally, excepted to a single clause in the decree. This exception was allowed and is now presented to the law court.

I. The plaintiff's counsel insists at the outset that exceptions cannot be allowed to a final decree ; that the only mode of obtaining a review by the law court of any part of the final decree is by appeal. The equity procedure act, however, seems to contemplate exceptions to a final decree, whatever may be the general rule. (R. S., c. 77.) Thus it is declared in section nineteen, that all decisions of a single justice are "subject to appeal and exceptions ;"— in section twenty, that "all cases in which appeals or exceptions are taken from a final decree, shall remain on the docket," &c. ;— in section twenty-five, that " such exceptions shall be taken, entered in the law court, and there heard and decided like appeals." Of course, exceptions to any part of a final decree can only present a question of law. No questions of fact are open for consideration upon exceptions. (§ 25.)

An exception to a final decree may often be preferable to a general appeal. The latter opens up the whole case for rehearing on law and facts, and requires the transmission to the law court of copies of all the pleadings, orders and evidence. The former presents solely a question of law for re-hearing and requires usually but a very small part of the record to be transmitted to the law court. A party may concede the equity and justice of the greater part of a final decree, and only desire a reversal of it or of a single feature of it, as in this case. An exception to that feature alone, if it involves a question of law only, is plainly the best mode of obtaining such a result.

II. In this case, the final decree permanently enjoined the defendant from "going into or carrying on the business of photography at Bar Harbor, either in his own name, or in the name of his minor son, or other person or as clerk or agent of his said son or other person," &c. The defendant excepted only to the clause, "as clerk or agent of his said son or other person." The question of law presented by the exception is evidently this : whether the plaintiff's bill contains allegations sufficient to support that clause of the final decree excepted to. It is an elementary principle that no final decree can be extended beyond the allegations in the bill. Decrees in equity must be secundum allegata, as well as secundum probata.

Referring to the bill in this case, (which is sent up with the exception) we find in it, inter alia, an allegation that the defendant sold his photograph business at Bar Harbor, including "the good will of the said business," to the plaintiff; and also, as a part of the consideration of the sale, agreed that he would "never go into or carry on said business of photography in future in said Bar Harbor." It is further alleged in the bill that, since said sale, the defendant "is about to open and engage in the business of photography [at Bar Harbor] either under his own name or in the name of his minor son, Harry Bradley, or colorably as clerk, agent, or instructor of his said minor son."

Under these allegations, assuming them to be fully proved, can the court, besides enjoining the defendant generally from carrying on the business in his own name, or that of his minor

son, or other person, also enjoin him specifically from carrying on the business "as clerk or agent of his said minor son or other person?"

The statement of the question discloses the answer. It must be evident that for the defendant to go into and carry on the business of photography at Bar Harbor as clerk or agent of any person, would violate the spirit and purpose of his agreement with the plaintiff. He would be carrying on the business though as clerk or agent. It does not matter how or in what name he acts, if he in fact carries on the business he agreed not to carry on. He is acting, he is breaking his promise, whether he acts as principal or agent. Located at Bar Harbor and carrying on the photograph business there as clerk or agent, he would be in direct competition with the business he had sold to the plaintiff, as much so as if he were doing the same acts in his own name.

The spirit of his agreement requires that he should not compete in this business with the plaintiff either directly in his own name, or indirectly as clerk or agent of some one else. In equity and good conscience he should abstain from both modes of competition. Under the allegations in the bill he can and should be enjoined from both. *Whitney* v. *Slayton*, 40 Maine, 224; *Dwight* v. *Hamilton*, 113 Mass. 175; *Boutelle* v. *Smith*, 116 Mass. 111.

*Exceptions overruled.   Final decree affirmed.*