## C. E. Battershell v. J. A. Bauer et al.

1. GOOD WILL—*Of Trade—Contract for, Construed.*—A person who sells the good will of a trade and agrees not to start in such business again in the county, directly or indirectly, as long as his vendee continues in the business at such place, is not prohibited by his contract from accepting employment as assistant or clerk to others in the same business at the same place.

Assumpsit.—Breach of good will contract. Appeal from the Circuit Court of Pike County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1900. Reversed. Opinion filed September 11, 1900.

WILLIAMS & COLEY, attorneys for appellant.

W. H. CROW and WILLIAM MUMFORD, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court. This suit was brought by appellees against appellant to recover damages for the alleged violation by appellant of a contract made by him with appellees in which he agreed to never start in the dry goods, clothing, boot or shoe business in Milton, Pike county, Illinois, directly or indirectly, as long as appellees continued in business in said place. Various pleas were interposed to the declaration, to which demurrer was sustained by the court, and the ruling of the court upon such demurrer is argued here for error, but in the view we have of the case it will be unnecessary to con-

sider these questions. The issues formed by the pleas that remained after the disposition of the demurrer were tried by jury, resulting in a verdict and judgment against appellant for $100.41, from which he brings this appeal, and to effect a reversal of the judgment argues various assigned errors, the principal, and only one we shall consider, being that the verdict is not supported by the evidence.

After appellees had purchased out Battershell Brothers' store in which the agreement previously stated was contained, another store was established in Milton called "The New Store," ostensibly owned by W. H. Butler, and the contention of appellees is that appellant was the proprietor of this store, and conducted it under cover of Butler. It was incumbent upon appellees to prove this. Upon examination of the whole evidence we think it proves only that appellant loaned money to Butler and took his notes with personal security for the same, which money was used by Butler in maintaining and conducting the store, he being the sole owner thereof. Appellant was employed as clerk in the store by Butler, and assisted the latter as such employe in all the business, both in purchases and sales, and with his advice, but was not himself directly or indirectly interested in the business. The contract did not prohibit appellant from accepting employment as assistant or clerk to others engaged in the like business mentioned in the contract, and we do not understand it is contended by appellees that it did, and in this view we think appellees failed to prove the case, and there is, therefore, no evidence upon which the verdict can stand.

The judgment of the Circuit Court will be reversed.

**Finding of Facts,** to be recited in the final order of the court: We find from all the evidence in the case that appellant kept and performed the contracts, agreements and promises with appellees set forth in the declaration.