CLARK, C. J., dissenting.
There are a number of exceptions in the record to the instructions given by the Court and to the refusal to give special instructions, all of which are duly assigned as error. We are of the opinion that the first exception should be sustained. His Honor charged the jury, as a conclusion of law, that upon all the evidence the plaintiff was a passenger on the defendant's train, meaning of course that he was such for the purpose of maintaining this action. If he was correct in this, the jury must, as a conclusion of law, have answered the second issue "Yes" — thus eliminating the question whether the conductor used excessive force from consideration, except upon the character and amount of damages which should be awarded the plaintiff.
For the purpose of disposing of this first exception, we must assume that the conductor's account of the transaction is correct. The instruction is necessarily based upon that assumption. When the relation of passenger is established by entry upon defendant's premises for the purpose of purchasing a ticket or taking passage on the defendant's train, or entry into the cars for such purpose, the relative rights and duties of the passenger and carrier are fixed and well settled. There is a *Page 189 
presumption that a person who enters a passenger car, nothing appearing in his conduct to the contrary, is or intends to become a passenger.R. R. v. Brooks, 57 Pa. St., 339, 98 Am. Dec., 229. No such presumption arises when the entry is upon a baggage or mail car or upon any other portion of the train not assigned to passengers. Elliott on Railroads, sec. 1578, says: "The presumption may of course be rebutted, and it will not ordinarily arise when the person occupies a position on the train which passengers have no right to occupy, or goes upon a train on which passengers are not carried." The (267) general rule is that a person can take passage on such trains only, and only in such places, as the rules of the company provide that passengers shall be carried, and one who does not conform to such rules is ordinarily to be regarded as an intruder or trespasser, and an intruder or trespasser cannot impose upon a railroad company the high duty which a carrier owes to its passengers." Ibid., section 1581. It was the duty of the plaintiff, when found upon the platform of the baggage car, to promptly inform the conductor that he had a ticket, so that he could be given an opportunity to go into the car provided for passengers. He says that he did so. The conductor says that he did not do so, that he said nothing about having a ticket, and that he (conductor) saw no ticket. The truth of the matter should have been ascertained by the jury. If the plaintiff's version of the transaction is true, he is entitled to maintain his action. If the conductor's version is correct, he is not entitled as a passenger to recover. If the jury should find the conductor's version to be true, the plaintiff could recover damages for his ejection only by showing that the conductor used excessive force. R. R. v. Herring, 47 N.J. Law, 137; 54 Am.Rep., 123; Fetter on Carriers, 359. His right to recover punitive damages, if he shows himself entitled to compensatory damages, depends upon well-settled principles. Holmes v. R. R., 94 N.C. 319. There must be a
New trial.
DOUGLAS, J., concurs in result only.