GEORGE SEMO

*vs.*

ARCHIE GOUDREAU ET AL.

York.    Opinion, August 22, 1951.

*Lausier and Donahue*, for plaintiff.

*Frank Coffin,*

*Frank Powers*, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J. This action, which was originally commenced by a bill in equity seeking the reformation of a deed given by the plaintiff to the defendants on the grounds of a mutual mistake by the parties, is before us for a second time—this time on exceptions to the ruling of the justice below granting the issuance of an execution upon a petition for execution which petition in turn alleges that it is based upon the final decree sustaining the plaintiff's bill and ordering, besides other relief, the defendants to forthwith pay to the plaintiff the sum of five hundred dollars with costs.

This litigation, up to the present time, has pursued rather an unsatisfactory course, due, apparently, to the fact that numerous errors of procedure were made in the original proceedings, some of which were referred to in our former opinion. See *Semo* v. *Goudreau et al.*, 145 Me. 251, 75 A. (2nd) 376. We held in that case, which purported to be an equity appeal, that the failure to furnish this court with the evidence before the court below or an abstract thereof, approved by the justice hearing the same, was a fatal defect and was both mandatory and jurisdictional under the provisions of Revised Statutes (1944), Chap. 95, Sec. 31. This necessitated the dismissal of the appeal, although the appeal in that case attempted to raise some of the same questions that appear in this proceeding which is brought forward to this court on exceptions. An examination of the docket entries set forth in the record discloses that in addition to the fatal defect before mentioned the attempted equity appeal was not seasonably filed under our statutes. We now have before us a petition for execution based upon a finding in the final decree which final decree is sharply attacked by an answer of the defendants who vigorously assert that the final decree contains findings that vary from and fail to follow the allegations of the bill of complaint. The particular finding that the defendants attacked in the final decree of the court sustaining the bill and ordering the reformation

of the deed to the land in question contains the following language:

> "that said defendants, contrary to equity and good conscience, are guilty of fraud and have no legal or equitable claim to the land and building - - - - -."

Hearing was had on the petition for execution and answer before the same justice who presided at the first hearing and the petition for execution was granted and exceptions allowed. No attempt, so far as the record shows, was made to amend the original bill of complaint which sought relief by way of reformation of a deed solely on the ground of mutual mistake of both parties.

The defendants contend that a final decree under our law must follow and be based upon and confined to the allegations of the complaint and that any decree not based on such allegations is a nullity and that if the decree is a nullity it can be attacked by collateral proceedings such as those of the instant case.

Under the law of Maine fraud, if found in any proceeding, should be, according to our court in *Parlin* v. *Small,* 68 Me. 289, 291:

> "- - - - - based upon testimony that is clear and strong, satisfactory and convincing."

In *Chadwick* v. *Starrett,* 27 Me. 138, 145, we said:

> "Fraud is not to be presumed, but must be distinctly and particularly set forth, and be supported by corresponding proof."

In *Stevens* v. *Moore,* 73 Me. 559, 563, we said:

> "It must now be considered as well settled that a general charge in a case where fraud is relied upon is insufficient. Here the evidence to be introduced, or the minute facts which are important only as they bear upon others which are relied upon, need not be recited; but those which constitute the fraud and enough to show that a fraud was committed or attempted must be alleged. Story's Eq. Plead. Sec. 251."

An examination of the authorities discloses that this court early considered some of the questions raised by the present proceeding and in *Scudder* v. *Young et al.*, 25 Me. 153, 155, which was a case in which the equity court was asked to grant relief where the allegation was fraud and fraud had not been proven, we said:

> "- - - The Court can grant relief only *secundum allegata et probata.*"

In the instant case the pleadings place in issue mutual mistake and there is no definite allegation of fraud.

In *Stover* v. *Poole,* 67 Me. 217, 222, we said:

> "- - - Hence in any suit, whatever may be the pleadings, the judgment must depend upon the effect of the plaintiff's allegations and be in accordance with them."

In *Merrill* v. *Washburn,* 83 Me. 189, 191, 192, 22 A. 118, we said:

> "Good pleading is as essential upon the equity side, as upon the law side, of the court. Full, clear, direct and orderly statements are required by the chancery rules, and by the very nature of equity procedure. Equity decrees must be based upon the allegations in the bill. Prayers for relief must be unavailing, unless preceded by allegations showing a complete case, authorizing the exercise of equity jurisdiction. The most ample evidence is useless without sufficient statements in the pleadings. Evidence without allegations is as futile as allegations without evidence. *Grosholz* v. *Newman,* 21 Wall, 481."

> "Bills in equity seeking relief on the ground of fraud, accident or mistake, must directly charge the grounds relied upon. The statement should be so full and explicit as to show the court a clear picture of the particulars of the fraud, — the manner in which the party was misled, or imposed upon, — the character and causes of the accident, or mistake, and how it occurred. Without such a statement in the bill, the court can not grant relief,

or even hear evidence in the matter. *United States* v. *Atherton,* 102 U. S., 372, *Scudder* v. *Young,* 25 Maine, 153; *Stover* v. *Poole,* 67 Maine, 217; *Stevens* v. *Moore,* 73 Maine, 559."

In *Emery* v. *Bradley,* 88 Me. 357, 360, 34 A. 167, we said:

"The question of law presented by the exception is evidently this: whether the plaintiff's bill contains allegations sufficient to support that clause of the final decree excepted to. It is an elementary principle that no final decree can be extended beyond the allegations in the bill. Decrees in equity must be secundum allegata, as well as secundum probata."

See also *Buswell* v. *Wentworth et al.,* 134 Me. 383, 391, 186 A. 803; *Portland Terminal Co.* v. *Boston & Maine Railroad,* 127 Me. 428, 431, 439, 144 A. 390. In *Hagar* v. *Whitmore,* 82 Me. 248, 256, 19 A. 444, we said, speaking of the claim of the complainant that there should be a decree against the defendants on a ground not alleged in the bill:

"These questions were nowhere raised in any of the pleadings, and the respondents objected to much of the evidence concerning them, and insisted at the argument that they could not properly be determined in this suit. While in equity procedure all (except dilatory) pleadings are construed liberally in furtherance of the cause, yet propositions of fact, relied upon as grounds for equitable relief, must be alleged with some degree of distinctness in the bill. Claims and defenses in equity based on facts, must be stated in bill, answer, or plea. It is not enough that they appear in the evidence, and are noticed in the argument. The maxim *probata secundum allegata* applies in equity as well as at law. If the evidence first discloses fresh grounds for relief, or defense, the party desiring to avail himself of them, should state them in some amendment or supplemental pleading, which upon proper terms he can always obtain leave to file. The decree must follow the allegations. If a party, after the evidence is taken, submits his cause upon his original allegations, he

> should be content with an adjudication confined to those allegations. In this cause the complainant submitted no amendments but only his original bill as first drawn. We think he cannot require us to go beyond it."

It is unnecessary, in view of the above citations, to quote cases from other jurisdictions or from the authoritative textbook writers, all of which in the main support the doctrine laid down by our court as indicated by the above citations. Applying the authorities herein cited to the present proceedings, it is apparent that the decree on the original bill in equity rests upon a ground which is not alleged in the bill of complaint. The only ground for relief set forth in the bill was mutual mistake. The only ground for relief stated in the decree was fraud. The difference between mistake and fraud requires no further comment. The principle here involved goes to the very power and authority of the court to issue a decree.

A decree which is not founded upon a cause for relief stated in the bill is unenforcible. Any supplemental proceeding to enforce the decree may be successfully resisted if the decree is based on a ground of relief not stated in the bill. This is but giving effect to the well established general principle that a decree which is based upon a cause not set forth in the bill is subject to collateral attack. The reason why such decree may be attacked collaterally is that the lack of authority to issue the decree appears on the face of the record. The original decree in this case being unenforcible, it was an error in law to order an execution to issue in aid thereof. The defendant's exceptions to such order, properly taken and allowed, must be sustained.

It is to be remembered that this case is now before us only upon exceptions to a decree rendered in supplemental proceedings in aid of the enforcement of the original decree. Although the original decree is subject to collateral attack in such proceedings, and its enforcement may be resisted on

the ground that it is not supported by the bill, such collateral attack must not be confused with a direct attack on the decree. Such collateral attack does not have the effect of either exceptions to, or an appeal from the original decree. It does not reopen the original case for either amendment of the bill, decree, or reconsideration of the case on the merits.

Upon exceptions to, or an appeal from a decree in supplemental proceedings in aid of or to enforce a final decree, this court has no authority to remand the case to the court below for further proceedings in the original case. Except as final decrees may be attacked by exceptions or appeal, within the times, and in the manner provided by statute, they become finally operative from the time they are signed, filed and entered. Furthermore, as we said in *Parsons* v. *Stevens,* 107 Me. 65, 71, 78 A. 347:

> "In Whitehouse Eq. Pr., section 526, it is laid down that in this State 'after a final decree has been signed, filed and entered errors involving the merits of the case cannot be corrected by rehearing on motion or petition, the only remedy being by bill of review or the statutory petition for review.' "

For a full discussion of the power of the court over final decrees and the methods of correcting the same see *Parsons* v. *Stevens, supra; Thompson* v. *Goulding,* 5 Allen 81; *Gerrish* v. *Black,* 109 Mass. 474; Whitehouse Equity Practice, Sec. 526 and Secs. 254 et seq., and Daniell's Ch. Pl. & Prac. 5th Am. Ed. Sec. 1576 et seq.

The defendants failed in their direct attack on the original decree. See *Semo* v. *Goudreau et al., supra.* It is to be noted, however, that in that case the appeal was not dismissed upon the merits, but because of failure to present the record to the Law Court in accord with a statutory provision which is jurisdictional. The dismissal of that appeal does not have the effect of an affirmance by this court of the

decree below. Therefore, decisions such as *Southard* v. *Russell,* 16 How. (U. S.) 547; *Jewett* v. *Dringer,* 31 N. J. Equity 586; *Pinkney* v. *Jay,* 12 Gill. & J. (Md.) 69 and *Ryerson* v. *Eldred,* 18 Mich. 490, to the effect that *after a decree has been affirmed by an appellate court* a bill of review will not lie in the court below to correct errors apparent on the fact of the record, are not decisive of the rights of the parties to a review of the original case.

Inasmuch as the plaintiff can never obtain any relief against the defendants under the present decree, it is unlikely that the defendants will move for review. Unless and until the plaintiff, acting within the rules set forth in the foregoing authorities, obtains a new decree sustained by allegation and proof, he will be entitled to no relief. We cannot remand the case to the court below for such proceedings. A bill of review is a new and independent proceeding which must be instituted by the party seeking the review. The exceptions must be sustained and the case remanded to the court below for a decree dismissing the petition for execution.

The mandate will be

*Exceptions sustained.*

*Case remanded to court below for decree dismissing petition for execution.*