## SHERIN v. EASTWOOD et al.

Where respondents objected that appellant's abstract failed to present a sufficient record to give the Supreme Court jurisdiction to hear the appeal, but did not file an additional abstract, and it was not contended that appellant's abstract did not contain a true statement, so far as it purported to state the record, a motion to dismiss because of an alleged insufficiency of the abstract would be denied.

Defendants, publishers of a newspaper, printed certain articles charging that plaintiff, an attorney, had received a public whipping at the hands of a woman, and that he had brought it about because of alleged insults and slanders offered to the woman, who had been a former client. **Held**, that the article was slanderous per se.

Where a complaint for libel pleads charges libelous per se, plaintiff, to establish a prima facie case, need not prove either the falsity of the charges or that he has suffered actual damages.

Where defendants printed a story concerning plaintiff, an attorney, alleging that he had been publicly whipped by a woman who had been a former client, claiming plaintiff had insulted her, but there was no pleading by way of innuendo or attempt by proof to show that the word "insult" was intended as setting forth any criminal or unchaste conduct on plaintiff's part, the words were not actionable in the sense that they were spoken of plaintiff in relation to his profession.

(Opinion filed April 28, 1911.)

Appeal from Circuit Court, Codington County. Hon. FRANK McNULTY, Judge.

Action by A. Sherin against George H. Eastwood and another. Judgment for defendants, and plaintiff appeals. Reversed.

*Sherin & Sherin,* for appellant.

An article is slanderous per se that charges that an attorney had received a public whipping at the hands of a woman, and that he had brought it about because of alleged insults and slanders offered to the woman who had been a former client. Where a complaint in libel pleads charges libelous per se, plaintiff, to establish a prima facie case, need not prove either the falsity of the

charges or that he has suffered actual damages. Barron v. Smith, 19 S. D. 50; Wilcox v. Moore, 71 N. W. 917; Treddy v. Transcrip Pub. Co., 76 N. W. 961; Holston v. Boyle, 49 N. W. 203; Drissel v. Shippman, 58 N. W. 684; Wilkes v. Shields, 64 N. W. 921; Byram v. Aiken, 67 N. W. 808; Peterson v. Western Union Tel. Co., 67 N. W. 646; Larrabee v. Minnesota Tribune Co., 30 N. W. 462; Martin v. Paine, 72 N. W. 450; Sharpe v. Larson, 70 N. W. 1; Williams v. Davenport, 44 N. W. 311; Knox v. Meehan, 66 N. W. 1149; McDermott v. Union Credit Co., 78 N. W. 967, and 79 N. W. 673; State v. Norton, 123 N. W. 59; Cole v. Millspaugh, 126 N. W. 626; Tawney v. Simonson, Whitcomb & Hurley Co., 124 N. W. 299, and 27 L. R. A. (N. S.) 1035. A number of other states with statutes like ours have also passed on this same question. Bradley v. Cramer, (Wis.) 18 N. W. 268; Monson v. Lathrop, (Wis.) 71 N. W. 596; Hatt v. Evening News Ass., (Mich.) 53 N. W. 952; Prewitt v. Wilson, (Iowa) 103 N. W. 366; Pavesich v. New England L. Ins. Co., (Ga.) 69 L. R. A. 101.

*Wilber S. Glass,* for respondents.

Words imputing profligacy, immoral conducts, etc., even when spoken of one holding an office or carrying on a profession or business will not be actionable unless they touch him in that profession or business. The imputation must be connected with the professional or business duties of the party defamed and touch him therein. Newell on Slander and Libel, 2nd Ed. 855.

WHITING, J. This action was brought to recover damages which plaintiff claims to have suffered from defendants' publication in a newspaper of certain articles alleged to be libelous. The The cause was tried before the court and a jury; the plaintiff having offered his testimony and rested his case, the defendants asked the court to direct a verdict in their favor. This motion was granted, and a verdict was returned in favor of the defendants. Upon this verdict judgment was rendered, and, a motion for new trial having been denied, the plaintiff has appealed to this court from such judgment and order denying a new trial.

[1] Preliminary to the consideration of the merits of this appeal, we are called upon to dispose of two motions. The re-

spondents moved to dismiss the appeal for the reason that appellant's abstract failed to present to this court a sufficient record to give this court jurisdiction to hear this appeal. An additional abstract was filed by respondents, though it is not contended but that appellant's abstract contains a true statement, so far as it purports to state the record of this cause, both upon the trial and upon the motion for new trial. While it must be conceded that it would have been better practice for the appellant to have presented a more complete abstract, yet we are satisfied the motion to dismiss the appeal should be denied. Appellant moved to strike from the files respondents' additional abstract, in which abstract was set forth respondents'· answer herein. The answer had been omitted from the appellant's abstract. This motion is only material, in so far as it might affect the question of costs, if the judgment of the lower court should be affirmed, and therefore, under our decision upon the merits of this appeal, it becomes wholly immaterial and needs no further consideration.

[2] Upon the trial the plaintiff submitted proof showing that the two articles which he claimed were published by the defendants, had, in fact, been published as alleged. He submitted proof that he had been for years, and was at the time of the alleged libel, an attorney at law, practicing in the county of his residence and in various other counties of this state. The only other evidence offered by him was some tending to prove that the publications were malicious. He neither offered proof of the falsity of the publications nor of any actual damage suffered by him therefrom. The grounds of the motion for a directed verdict were: "For the reason that the evidence on the part of the plaintiff, which is now before the court, is not sufficient to warrant the jury in returning a verdict on the issues, or any of them, for the plaintiff. * * * The evidence is insufficient in two particulars at least: By reason of its failure to show the falsity of the article complained of, both in the first and second cause of action, and, secondly, for the reason that the facts now before the court do not show the plaintiff has suffered damage in any form, and the evidence is insufficient to warrant the jury in drawing the inference

in any way from the evidence as it now appears, in reaching a conclusion that plaintiff has been injured or suffered any damages in consequence of the articles complained of, and as set forth in both the first and second causes of action."

The complaint set forth that the plaintiff was a resident of Watertown, S. D.; that for many years last past he had practiced in the courts of Codington and adjoining counties; that defendants. were the editors and publishers of a certain paper circulated throughout the counties wherein plaintiff practiced law; that upon two certain dates mentioned the defendants willfully, unlawfully, and maliciously, and with intent to injure plaintiff in his occupation and profession as an attorney, and for the purpose of exposing him to hatred, contempt, ridicule, and obloquy, and to cause him to be shunned and avoided by all good society, did compose, print, and publish in the paper so owned by them two certain libelous, scandalous, and malicious libels.  The first of these libelous articles were in words as follows:

"Old Abe Gets His.

"Kemp Avenue is Scene of Excitement Monday.

"Woman Gets After Old Sherin With Parasol.

"Old Abe Backs Away Like Overgrown Calf.

"It must have seemed like old Britton days to Abe Sherin, alias Sheridan, alias Sherdin, Tuesday, when he was again given a public whipping.

"The affair happened very quickly, just front of the Watertown Steam Laundry, and at the hands of an irate woman.  She met him accidently there when he accosted her smiling and bowing, at the same time saying the words that drove the woman beside herself and she raised her parasol and beat him over the head, knocking his hat to the ground, and while he was reaching for it,  it is said she struck him twice again.

"The lady is now the wife of A. J. Livingston, a cigar maker,. and Sherin was the attorney who procured her divorce from a former husband and since then had circulated unkind reports about his former client.  She claims he has several times insulted her on the street and that she was driven wild when she committed the assault.

"Sherin made a quick grab for his hat and ran across the street into his office, quickly closing the door after him.

"The above account of the report of the fracas according to the woman's story. She says she has stood his insults just as long as human nature will stand it."

The second of said alleged libelous articles, so far as material, was in words as follows:

"Sherin is After Us.

"The Public Opinion published Friday a signed statement from Abe Sherin denying in toto that he was assaulted on the street of Watertown by Mrs. Livingston, who claims she struck him over the head three times because of insults he had made to her. Mrs. Livingston immediately prepared a written statement and Saturday visited the Public Opinion office and requested that it be published, but was refused point blank. * * *

"The folowing is Mrs. Livingston's statement:

"'Public Opinion:

"'In your issue of yesterday there appeared a short article over the signature of A. Sherin regarding a street occurrence of last Monday in which I was one of the parties.

"'Since my residence in Watertown I have on two occasions consulted this man Sherin professionally and on the second visit to his office I was insulted by him. In addition to this insult he has continuously and repeatedly for the past six months slandered me by circulating false reports reflecting seriously upon my character. I have patiently submitted to these insults and slanders until forbearance ceases to be a virtue. I have submitted to these indignities long enough—self-preservation requires something more.

"'On Monday last I met him on the street in front of the laundry, near the city hall, and he again insulted me * * * I struck him with my parasol on the head three times, knocked off his hat, which he picked up and started across the street to his office.

"'Mrs. Lizzie Livingston.'"

It is undisputed that such articles were published by respondents, and there was sufficient evidence from which the jury might

find that it was done with malice; and it is clear that, at the time of such publications, the appellant was and had been an attorney as alleged in the complaint. It is the contention of the appellant (a) that the complaint states facts that constitute a libel per se; (b) that such facts apply to the plaintiff in his profession as an attorney at law; (c) that under such facts the plaintiff can recover general damages without either pleading or proving specific damages.

[3] We think the law well settled that, if a complaint for libel sets forth charges which are libelous per se, it is unnecessary for a plaintiff, in making out a prima facie case, to prove either the falsity of such charges or that he has suffered any actual damages; the law presuming such charges to be false, and that damage flowed therefrom. It is therefore clear that the learned trial court was in error in directing a verdict, and consequently in error in refusing a new trial, if the complaint sets forth charges which are actionable per se; there being no dispute but what the respondents were guilty of publishing such charges

In the case of Barron v. Smith, 19 S. D. 50, 101 N. W. 1105, this court cited with approval the following, which we believe to be supported by the great weight of authority, if not by the decisions of the courts in all states having statutes similar to ours; the citation being from Starkie on Slander, vol. 1, p. 169: "Upon the whole, it may be collected that any writings, pictures, or signs which derogate from the character of an individual, by imputing to him either bad action or vicious principles, or which diminish his respectability and abridge his comfort by exposing him to disgrace and ridicule, are actionable without proof of special damage; in short, that an action lies for any false, malicious, and personal imputation effected by such means, and tending to alter the party's situation in society for the worse."

Under the above rule, can any one question but what the charges made in these two publications were libelous? One part thereof implies cowardice on the part of appellant; another, that he had received a public whipping prior to the one referred to; then follows an account of an alleged public whipping by a woman,

which was claimed to have occurred as a result of appellant's own conduct; then, in the other article, he is accused of having repeatedly insulted and slandered his assailant, one of which insults was claimed to have been the immediate cause of bringing on the alleged assault. We think it needs no argument to show that a charge that a person had received a public whipping at the hands of a woman, which whipping had been brought on by his own misconduct, would certainly tend to bring ridicule, if not contempt and obloquy, upon the person of the party assaulted. This was directly held in a case very similar to this, being that of Walker v. Publishing Co., 30 Tex. Civ. App. 165, 70 S. W. 555, wherein the defendant had published of the plaintiff that he had been publicly whipped by a woman, but which case was not as strong as the case at bar, in that there was no charge that this whipping had been brought on by any acts of the party assailed.

The court in that case said: "We are not prepared to hold that the alleged libelous publication did not tend to injure the reputation of plaintiff by exposing him to contempt and ridicule, as alleged in his petition; and we think it was the intention of the Legislature, especially in cases of doubt, to make that a question of fact, to be decided like any other issue of fact in a civil suit." In line with this decision, we are of the opinion that the court should have overruled the motion to direct verdict, either upon the ground that it clearly appeared that the articles published would tend to injure the plaintiff by exposing him to contempt and ridicule, or in order that such question might be submitted to the jury.

[4] Do the facts set forth in the publications apply to the plaintiff in his profession as an attorney at law, and thus tend to injure him as such attorney? It would seem to us clear that they do not. The only matter which, even by implication, could be held to charge appellant with unprofessional conduct, is the statement that, at one time when his assailant had visited him as a client, he had insulted her. There was no pleading by way of innuendo, nor any attempt by proof to show that, by the use of the word "insult," it was intended and would be understood as

setting forth any criminal or even unchaste conduct upon the part of the appellant.

There might have been many causes which would lead the appellant to have made charges in the nature of insults against a client which in no manner would reflect upon his professional conduct as an attorney, and we think the following from the words of Judge Mitchell of the Supreme Court of Minnesota, in the case of McDermott v. Union Credit Co., 76 Minn. 84, 78 N. W. 967, 79 N. W. 673, are directly applicable to the case at bar: "It is possible that anything published in disparagement, however slight, of a person as an individual may incidently affect him somewhat in his business or profession; but it does not necessarily follow that the words are actionable, per se, as published of and concerning him in relation to his profession or business. Any such rule would open the door for a flood of vexatious litigation. To be actionable on that ground alone, the publication must be such as would naturally and directly affect him prejudicially in his profession or business. Hence our opinion is that, if the publication in this case is, per se, actionable under the allegations of the complaint, it must be because it is actionable per se when published of a person as an individual, without reference to his particular profession or business." See, also, Williams v. Davenport, 42 Minn. 393, 44 N. W. 311, 18 Am. St. Rep. 519.

The proof in this case was ample to warrant the recovery by the appellant of damages suffered as an individual, and the fact that the proof failed to establish damages suffered as an attorney was not sufficient to warrant the court in not submitting the cause to the jury.

The judgment of the trial court and order denying a new trial are reversed.