NIBLO, Respondent, v. EDE, Appellant.

(152 N. W. 284.)

(File No. 3703.　Opinion filed April 27, 1915.)

1. **Libel and Slander—Libelous per se—Candidate for Office.**

    To publish of candidates for office that they are corrupt and low and that one of them is a habitual drunkard, is libelous per se.

2. **Libel and Slander—Complaint for Libel—Sufficiency—Allegation of Malice—Privileged Communication—Statute—Rule of Evidence, not of Pleading.**

    A complaint alleging a publication libelous per se, made "willfully, falsely, and with malice," states a cause of action, although the communication is privileged under Civ. Code, Sec. 31, Subd. 3, if without malice, which is not inferred in such case

from the communication; the statute constituting a rule of evidence, not of pleading, and said allegation being equivalent to proof of express malice.

3. **Libel and Slander—Complaint for Libel—Plea of Special Damages, Necessity for—Statute.**

A complaint alleging publication of matter libelous per se, but privileged if without malice, under Civ. Code, Sec. 31, Subd. 3, **held,** sufficient on demurrer, without an allegation of special damages; the question of privilege having nothing to do with the rule of damages, and the rule as to privileged communications extends no further than to require proof of express malice, whether the communication be libelous per se or not.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by John L. Niblo against Ernest D. Ede, to recover damages for libel. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Ernest D. Ede,* Appellant pro se.

No appearance for Respondent.

(2) Under point two of the opinion, Appellant cited. Ormsby v. Douglas, 37 N. Y. 472.

(3) Under point three, Appellant cited: 5 Ency. Pl. & Pr., 776-7; Zier v. Hoffin, 33 Minn. 66, 53 Am. Rep. 9; Newbold v. Bradstreet, 57 Md. 38, 40 Am. Rep. 426; Cooley, Torts, 203-205; W. H. Hirshfield v. Fort Worth National Bank et al., 15 L. R. A. 642; Walker v. Tribune Co., 29 Fed. Rep. 829; Pollard v. Lyon, 91 U. S. 238.

SMITH, J. Appeal from an order overruling a demurrer to a complaint in an action for libel. The plaintiff was a candidate for nomination as a member of the legislative assembly from Beadle county, at the March, 1914, primaries. This fact appears from the alleged libelous article set out in full in the complaint. The portion of the article charged to be libelous is as follows:

"I hope you will join with me in desiring to see the defeat of * * * John Niblo as candidates for the lower house. I believe that you will confer a favor upon Beadle county by doing what you can to defeat them. Both are corrupt and low, and one of them is an habitual drunkard."

The complaint alleges that the libelous article was written, composed, and published by the defendant, "willfully, falsely, and

with malice." Defendant demurred on the ground:

"That it appeared on the face of the complaint that said purported ' * * * cause did not state facts sufficient to constitute a cause of action."

Appellant's contention is that the article is a privileged communication, and not libelous under subdivision 3, § 31, of the Civil Code. To sustain his contention he cites section 29, Civ. Code:

"Libel is a false and unprivileged publication by writing,· printing," etc.

Section 31:

"A privileged communication is one made: * * *

(3) In a communication, without malice, to a person interested therein, by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information. * * *

"In the cases provided for in subdivision 3 and 4 of this section, malice is not inferred from the communication or publication."

[1] There can be no question but that the language charged in the complaint is libelous per se. Sherin v. Eastwood, 27 S. D. 312, 131 N. W. 287, Ann. Cas. 1913D, 257.

[2] Appellant's contention appears to be that, because the communication was privileged, and the inference of malice which is drawn where the words used are libelous per se does not exist, the complaint for that reason fails to state a cause of action. Appellant entirely overlooks the fact that this is a rule of evidence, and not a rule of pleading. The complaint contains affirmative allegation that "the defendant willfully, falsely, and with malice published of and concerning the plaintiff" the alleged libel. Andrew v. Deshler, 43 N. J. Law, 16. If the communication were unprivileged, the mere fact of publication alone would be sufficient proof of malice. But when the communication is privileged, as in this case, proof of publication alone would not be sufficient to prove malice. In such case plaintiff could not recover without evidence tending to prove express or actual malice. The allegation that the publication was made "willfully,

falsely, and with malice," is a material allegation which is admitted by the demurrer. This admission is equivaent in its legal effect to proof of express malice. Andrew v. Deshler, supra. It is entirely clear that the complaint states a cause of action. Practically every decision in appellant's own brief sustains this view. Myers v. Longstaff, 14 S. D. 98, 84 N. W. 233. Speaking of privileged communications, this court said in that case:

"'This privilege accorded to a newspaper publisher or any other person cannot avail any one as a defense who may assume, under cover of it, to maliciously attack or traduce the character of any person by publishing as to such person false and libelous articles concerning him.' * * * Nor will such publication be actionable without proof of express malice." Howe v. Thompson, 150 N. W. 301.

And, though the communication be deemed privileged, the plaintiff, under allegations of the complaint, had the right to offer evidence tending to show express malice, and, if such malice were proved to the satisfaction of a jury, might recover damages resulting from such false and malicious statements.

"If the court hold a communication privileged, then the question of good faith in its publication, of actual malice as distinguished from that which is presumed from a defamatory publication, and also belief in the truth of the statement, are all matters for the consideration of the jury." Mattice v. Wilcox, 147 N. Y. 636, 42 N. E. 273.

[3] Appellant further contends:

That the complaint is insufficient in that it fails to allege special damages; that "'privilege' entirely destroys the foundation upon which a libel per se is built; and that a privileged communication under no circumstances can be construed to be libelous per se.."

It is perhaps true, as a general rule, that libelous words not actionable per se require an allegation of special damages; while words actionable per se do not require such allegation. 25 Cyc. 525 (f).

But appellant is entirely wrong in assuming that the question of privilege has anything to do with the rule relating to damages. In such an action, if express malice be proved, and the publication is libelous per se, a recovery may be had without any

allegation of special damages. But if the publication be not libelous per se, a recovery cannot be had without an allegation of special damages, even though express malice be proved. The rule as to privleged communications extends no further than to require proof. of express malice, whether the communication be libelous per se or not.

The order of the trial court is affirmed.