[Civ. No. 21147.   Second Dist., Div. Three.   Oct. 20, 1955.]

J. O. BERGUM, Appellant, v. ARTHUR C. WEBER, Respondent.

Harry W. Dudley for Appellant.

Johnson, Bates & Sheffield for Respondent.

NOURSE (Paul), J. pro tem.*—Plaintiff Bergum appeals from a judgment of the trial court dismissing this action after the defendant's general demurrer to the second amended complaint had been sustained without leave to amend.

By his second amended complaint plaintiff seeks to enjoin defendant from future unfair competition and to recover damages sustained because of such alleged acts by defendant in the past.

The facts alleged in the second amended complaint, which we must accept as true, may be summarized as follows: For many years prior to December 31, 1952, plaintiff and defendant had been engaged as partners in the manufacture and sale of loop and wire ties. They had conducted their business under the name of "General Shipping Room Supply Co." and under that name had acquired many valuable customers. On December 31, 1952, plaintiff and defendant entered into an agreement in writing by the terms of which defendant sold and transferred to the plaintiff J. O. Bergum, E. E. Ewing and Edythe Ewing, all of his right, title and interest in the partnership and its assets, including specifically the goodwill and name of the partnership. By the terms of the agreement the defendant expressly covenanted that he would not for a period of one year directly or indirectly engage in the manufacture or sale of loop and wire ties in the city of Los Angeles.

The purchasers continued the business conducted by the former partnership, until January 18, 1953, at which time they formed a limited partnership under the name acquired from the defendant. Appellant is the general partner and the plaintiffs Ewing the limited partners in this partnership.

The business, specifically including its goodwill, was trans-

---

*Assigned by Chairman of Judicial Council.

ferred to the new partnership and it has carried on the business.

After the expiration of the year during which defendant had covenanted not to engage in a competing business he then engaged in the same business as that formerly engaged in by the partnership in which he had sold his interest. For many months immediately prior to the commencement of this action he solicited, and unless restrained will continue to solicit, many of the customers of the former partnership who had remained customers of the new partnership, to purchase from him wire ties and loops identical with those manufactured and sold by the limited partnership. By virtue of such solicitation defendant has sold said articles to many of plaintiff's customers and except for such solicitation plaintiff would have made those sales and realized a profit therefrom.

The question presented here is:

Did the defendant, by the contract alleged in the complaint, impliedly covenant not to directly solicit the customers of plaintiffs who had been customers of the business he had sold to them.

We have come to the conclusion that this question must be answered in the affirmative.

The goodwill of a business is property and may be transferred. (Bus. & Prof. Code, § 14102.) The customers of a business are an essential part of its goodwill. In fact, without their continued custom goodwill ceases to exist, for goodwill is the expectation of continued public patronage. (Bus. & Prof. Code, § 14100.)

When the goodwill of a business is sold, it is not the patronage of the general public which is sold, but that patronage which has become an asset of that business. It follows that one who has sold his interest in the goodwill of a business can no more act directly to destroy that asset than he could to destroy or make useless any other asset which he had for value transferred to the purchaser.

The law implies in every contract a covenant that neither party will do anything that will deprive the other of the fruits of his bargain. (*Universal Sales Corp.* v. *California Press Mfg. Co.*, 20 Cal.2d 751, at 771 [128 P.2d 665]: *Nelson* v. *Abraham*, 29 Cal.2d 745, at 751 [177 P.2d 931]; *Brown* v. *Superior Court*, 34 Cal.2d 559, at 564 [212 P.2d 878].)

The direct solicitation by the seller of the customers

of the business, the goodwill of which he has sold, is a violation of this covenant. (*Handyspot Co.* v. *Buegeleisen*, 128 Cal.App.2d 191, at 195 [274 P.2d 938]; 24 Am.Jur. 817, § 23; 38 C.J.S. 958, § 12a (2); Williston on Contracts, vol. 5, § 1640.) This implied covenant does not prevent the seller from engaging in a competing business and by fair means soliciting the business of the public generally. It does prevent him from directly soliciting the patrons of the business he has sold.

The complaint here does not allege expressly that the defendant's solicitation of plaintiff's customers was direct, but its allegations are sufficient to encompass that kind of solicitation and are therefore sufficient as against a general demurrer.

Respondent contends, however, that even if in the ordinary contract covering the sale of goodwill the seller would be impliedly obligated not to deprive the purchaser of the fruits of his contract by directly soliciting the patronage of the purchasers' customers, such an implied obligation was not a part of the contract between him and plaintiff. He bases this contention on the rule that where the parties to a contract have expressly covenanted as to any matter, there can be no implied covenant as to that matter. (Civ. Code, § 1656; *Stockton Dry Goods Co.* v. *Girsh*, 36 Cal.2d 677 [227 P.2d 1, 22 A.L.R.2d 1460]; *Loyalton etc. Co.* v. *California etc. Co.*, 22 Cal.App. 75 [133 P. 323]; 12 Cal.Jur.2d 344.)

He contends that because he expressly covenanted not to engage in a competing business for one year, that was the limit of his obligation to plaintiff and that therefore a covenant not to solicit appellant's customers cannot be implied.

In order for the rule, on which respondent relies, to apply, the covenant expressed must relate to the same subject matter as the covenant, which except for it, would have been implied; that is to say, the express covenant must be inconsistent with the one which the law would imply. (*Tanner* v. *Title Ins. & Trust Co.*, 20 Cal.2d 814, 824 [129 P.2d 383]. See also Civ. Code, § 1735.)

■ If an express covenant relates to the same subject matter as a covenant which would ordinarily be implied, the implication cannot be made. The court cannot imply an obligation on the part of one of the parties to a contract where the parties have expressly contracted as to that obligation. ■ If without the implied obligation the fruits of the contract would be denied to one of the parties, the intent

that such an obligation should not exist must clearly appear from the express terms of the contract.

The implied covenant of good faith and the express restrictive covenant contained in the contract here do not deal with the same subject matter and are not inconsistent. The implied covenant is as to an obligation assumed by the respondent; the express covenant is a restriction on a right which, under the contract, he would have retained except for that covenant.

If the contract had not contained the express covenant respondent would have retained the right to (and could have) immediately engage in a competing business (*Kaye* v. *Tellsen*, 129 Cal.App.2d 115, at 118 [276 P.2d 611]; *Diller* v. *Schindler*, 88 Cal.App. 250, 257 [263 P. 277]), but he could not, in the exercise of that right, have violated his implied obligation not to directly solicit appellant's customers. (Williston on Contracts, vol. 5, § 1640; *Handyspot Co.* v. *Buegeleisen, supra,* 128 Cal.App.2d 191.)

The express covenant in no way, therefore, affected respondent's implied obligation. It only restricted a right which, but for it, he could have exercised. The express restrictive covenant and the implied obligation are not inconsistent and the express covenant does not indicate any intention of the parties that the covenant of good faith, which is inherent in all contracts (see authorities cited above) should not pertain to this contract.

Respondent's acts as alleged in the complaint constituted unfair competition (*Handyspot Co.* v. *Buegeleisen, supra*), and if proved entitled plaintiff to the relief prayed for.

The judgment of the lower court must therefore be and it is reversed, with directions to the trial court to permit the respondent to answer if he is so advised. [10] The plaintiff also appeals from the minute order sustaining the demurrer. This order is not appealable and the appeal from it is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.