**Penelope DANIAS**

v.

**Manual FAKIS.**

Superior Court of Delaware, New Castle.

Dec. 22, 1969.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

Joseph Donald Craven, Wilmington, for defendant.

OPINION

CHRISTIE, Judge.

The gravamen of this complaint is an allegedly defamatory statement made by the defendant. Paragraphs three and six of plaintiff's Amended Complaint contain the essence of the claim. They read as follows:

"On or about February 22, 1969, and at various times thereafter, the defendant, Manual Fakis, said falsely to numerous persons that Penelope Danias [the plaintiff] informed the Federal Immigration Authorities that Christoforus Mpampouras (Christ Buras) was illegally residing in this country.

"a. Plaintiff is of the Greek Orthordox Religion and a member of the Greek Community of Wilmington, Delaware, as also are the defendant, Manual Fakis and Christoforus Mpampouras. To assert that the plaintiff, a member of the Greek community of Wilmington, Delaware, brought about immigration and residence problems to a fellow member of the Greek community of Wilmington, Delaware, whose legal status and presence in the country was questioned by Federal Immigration Authorities, tends to degrade or disgrace a person, lower her in the estimation of others in the Greek community of Wilmington, Delaware, make her condition in the Greek community of Wilmington, Delaware, uncomfortable and bring her contempt and ridicule from her fellow Greeks.

"6. Plaintiff further alleges that as a result of the false, malicious and defamatory statements by defendant Fakis, she has sustained mental anguish thereby causing her distress to the point where she has lost time from her employment by the Patanias Corporation, her employer, and has suffered a pecuniary loss in the amount of $45.00."

Defendant has filed a motion to dismiss for failure to state a cause of action under Rule 12(b) (3), Del.C.Ann. It is the opinion of the Court that the motion to dismiss must be granted.

■ The law of libel and slander distinguishes between those statements which are defamatory per se, and those which are merely defamatory, the distinction depending on the particular extrinsic circumstances under which they are made. In the latter case, special damages must be shown to have resulted from the alleged defamation before a cause of action can be supported. Corbett v. American Newspapers, Inc., 1 Terry 10, 5 A.2d 245 (1939).

■ To constitute slander or defamation actionable per se the nature of the charge must be such that the Court can legally presume that the person defamed has been injured in his reputation or business and occupation. Snavely v. Booth, 6 W.W. Harr. 378, 176 A. 649 (1935).

■ In considering the defamatory quality of words, the Court must take them in their plain and natural meaning, and so understand them as would a person of average intelligence and perception, and where statements are defamatory only because of certain extrinsic circumstances under which they are made, special damages must be shown. Corbett case, supra.

Under the rules of law cited above, the statements attributed to the defendant herein are held not to be defamatory per se.

■ It is not unlawful or improper conduct for a person to inform the federal immigration authorities of a suspected illegal presence in this country of a foreign national. Even if the charge is untrue, it is not libelous per se to have charged the plaintiff herein with doing nothing more than an act she could properly and lawfully do. See 33 Am.Jur. Libel & Slander, § 10; Dusabek v. Martz, 121 Okl. 241, 249 P. 145, 49 A.L.R. 253. Our society has not yet reached a point where false rumors of a lawful attempt to assist law enforcement agents constitute slander per se.

■ Where false statements are not actionable per se, they may constitute actionable defamation only if special harm or damages result therefrom. The plaintiff herein has alleged a loss of wages in the amount of $45.00 as the result of the "mental anguish" to her brought about by the false statements of defendant. She claims a money loss because she voluntarily stayed away from work for three days on account of her embarrassment. She does not claim any direct material harm to herself from any person. She was not fired or asked to stay away from work. The "special damage" here alleged is not such as will support a cause of action for defamation.

A correct statement of the law on this matter is found in Restatement of the Laws of Torts, Ch. 24:

Topic 6. Defamatory Communications causing special harm

Sec. 575. Slander creating liability because of special harm.

"One who falsely and without privilege to do so publishes a slander which, although not actionable per se, is the legal cause of special harm to the person defamed, is liable to him."

Comment:

a. * * *

b. Special Harm. Special harm as the words are used in this Chapter is harm

**532**

of a material and generally of a pecuniary nature. *The special harm must result from conduct of a person other than the defamer or the one defamed* which conduct is itself the result of the publication or repetition of the slander. It is immaterial, however, whether the harmful action is taken because the actor believes the slander or because he is unwilling to deal or associate with one whose reputation has been impaired by it. *Loss of reputation to the person defamed is not sufficient to make the defamer liable under the rule stated in this Section unless it is reflected in material harm.* So too, lowered social standing and its purely social consequences are not sufficient. Thus, the fact that a slander has caused the person defamed to lose caste in the eyes of his friends and so has deprived him of many pleasant social contacts is not special harm. If, however, the loss of reputation results in material loss capable of being measured in money with approximate exactness, the fact that the lowered social standing resulting from the slander itself causes the acts which produce such loss does not prevent the tangible loss from being special harm. [Emphasis added]

c. *Emotional Distress.* The emotional distress caused to the person slandered by his knowledge that he has been defamed is not special harm and this is so although the distress results in a serious illness.

As alleged in the petition, plaintiff herein suffered a pecuniary loss in wages as a result of her own distress and "mental anguish". Such loss was not occasioned by the conduct of third parties in response to the alleged defamation. In addition, no pecuniary loss or material damage has resulted from the alleged injury to her social standing in the Greek community of Wilmington. She alleges that herself suffers from embarrassment, shame and discomfort among her fellow Greeks, but this has not caused her any direct material harm. Plaintiff has failed to show the special damages required to support a cause of action for defamation based upon extrinsic circumstances.

■ A study of the cases clearly indicates that the Courts of this State do not look with favor upon suits for libel or slander. Where the alleged wrong is not actionable per se the allegations of the complaint are viewed with special care if challenged by a defense motion to dismiss or a motion for summary judgment. Since the complaint has been found to be factually defective, it is unnecessary for the Court to rule as to whether or not a dispute of this type could ever be regarded as forming a proper basis for a civil action.

The action is dismissed.