**Ralph MARTS and Eva Marts, Plaintiffs and Appellants,**

**v.**

**Billie SUTTON and Jimmy J. Thomas, Executor of the Estate of Gladys Sutton, Deceased, Defendants and Respondents.**

**No. 12217.**

Supreme Court of South Dakota.

Argued June 8, 1978.

Decided Feb. 15, 1979.

Gary Davis of Johnson, Johnson & Eklund, Gregory, for plaintiffs and appellants; Wally Eklund of Johnson, Johnson & Eklund, Gregory, on brief.

William F. Day of Day & Grossenburg, Winner, for defendants and respondents.

PER CURIAM.

Plaintiff-Appellants, Ralph and Eva Marts (Marts) brought this action against

Billie Sutton and Gladys Sutton (Suttons) to recover for damages caused to the Marts' real and personal property by a March 19, 1975, prairie fire. After Gladys Sutton's death, her executor was substituted for her. The fire was alleged to have started in a garbage dump under the Suttons' control. The trial court granted the Suttons' motion for summary judgment. We hold that the doctrine of *res ipsa loquitur* has no application to this case, but that the evidence nevertheless raises genuine issues of material fact. We therefore reverse the summary judgment and remand for trial.

A prairie fire on March 19, 1975, burned a large area on the Marts' ranch near Bonesteel. Plaintiffs were first notified of the fire when Sara Sutton, daughter of Billie Sutton, called the Marts' home and notified them that a fire had started in an area used by the Suttons as a "dump ground." The area burned on the Marts' ranch was about two and one-half miles in length and one-half mile wide. Substantial personal property was also destroyed.

Plaintiff Ralph Marts and others investigating the cause of the fire discovered that it had started in or near the Suttons' garbage dump. They found several large logs, which were still smoldering, in the dump. Other partially burned pieces of wood were also found. The presence of this wood could not be explained by the presence of trees or buildings in the vicinity, since there were none close by. It could thus be inferred that the Suttons disposed of combustible materials in this dump, even though they denied doing so.

The depositions and affidavits in the record indicate that no one was certain about how the fire started, but the Marts offered the theory that combustible material in the dump was ignited when the Suttons or their employees dumped the contents of barrels, in which garbage was burned, at the dump. The Suttons and some of their family members denied that the barrels were dumped in the area. At least one employee, however, testified that it was a common practice to dump such barrels in the dump after the flames had died. He also stated that he dumped one of these "burning barrels" within four to five days before the fire.

The issue dispositive of this appeal is: Do the cause of the fire and whether the fire was properly managed present genuine issues of material fact, thus making summary judgment inappropriate?

A summary judgment motion can be granted only if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. We have said that these requirements are rarely met in a negligence action, because such actions usually turn on factual questions. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). Issues such as negligence, contributory negligence, assumption of the risk, comparative negligence and proximate cause are ordinarily for the jury, and should not be adjudicated summarily unless the facts are conceded or demonstrated beyond reasonable question and show a right to summary judgment with such clarity as to leave no room for reasonable controversy. *Wilson*, supra. The evidence must be viewed in the light most favorable to the non-moving party, and all inferences that can be drawn therefrom must be accepted by the court in the light most favorable to the non-movant.

We must evaluate the evidence in this case in terms of the above rules. In order to avoid summary judgment, plaintiffs were required to present evidence of the fact that the Suttons either negligently kindled a fire, or negligently failed to manage or extinguish a fire once it had been kindled. We adhere to the holding of *Bearry v. Brensing*, 85 S.D. 370, 182 N.W.2d 655 (1970), insofar as not overruled in *Hunt v. Briggs*, S.D., 267 N.W.2d 566 (1978). With the exceptions made in those two cases, the doctrine of *res ipsa loquitur* is not available to plaintiffs, and thus evidence that the fire happened is not sufficient to avoid summary judgment. The burden remains on plaintiffs to prove how defendants were negligent.

■ We conclude that plaintiffs have made out a sufficient case to avoid summary judgment. There is evidence that, if believed, could lead a jury to conclude that defendants were negligent, either in starting a fire or in failing to properly manage it.

The smoldering logs and the wood fragments left after the fire could lead a jury to believe that the Suttons took the wood to the dump for the purpose of burning it, and that the fire escaped after it was started. There were neither fire guards nor other fire protection at the dump. A jury might, therefore, find that starting any fire at the location was negligent. In addition, the wood was found to be in a pile after the fire. This strengthens the inference that it was brought to the dump for the specific purpose of burning. At very least, the presence of wood at·the dump shows that the Suttons did dispose of combustible material at the dump, contrary to the claims in their affidavits and depositions.

The jury could also find that the Suttons disposed of partially burned materials at the dump before they had been completely extinguished. A former employee stated that it was customary to dump barrels used for burning garbage at the dump grounds, and that he had in fact done so four to five days prior to the fire in question. He also said that the barrels were often emptied shortly after the flames died. This could lead a jury to believe that the fire was started by the dumping of a barrel in which the ashes had not yet cooled. We realize that the last dumping to which the employee has testified occurred several days before the fire. It is, however, within common experience that a large log can smolder for several days. There were also sixty mile per hour winds on the day of the fire. This evidence could lead a jury to believe that smoldering logs were fanned into flame by the unusually strong winds. These issues are factual in nature and should not be decided by a court on summary judgment.

We also believe that this version of the facts, if found by the jury, would give rise to a duty on the part of the Suttons to guard against the type of injury suffered by plaintiffs. It is well known that prairie fires, once started, can burn over large areas, and can destroy personal property in their paths. Plaintiffs' ranch was adjacent to the dump grounds, and no protection against the spread of the fire was provided by defendants. Even though the Suttons' employees did not, under the barrel theory, start the fire at the dump, the jury could find that they did start a fire intentionally (in the barrels) and failed to properly extinguish it before disposing of it at a place where the danger of spreading was great. The risk of harm to plaintiffs and others in similar situations is apparent.

■ The Marts also claim that the Suttons are liable under SDCL 34–35, which provides for the strict liability of anyone who sets a fire in violation of the provisions of SDCL 34–35–10. Under this theory, the Suttons would be liable if the jury found that the fire was set by them without a proper fire guard. Such a finding could arguably be supported by the evidence detailed above. A further finding that the Suttons were negligent in allowing such a fire to spread is rendered unnecessary by SDCL 34–35–12. SDCL 34–35 does not, however, relieve the Marts of proving that the fire was started without a proper fire guard.

We conclude that there are genuine issues of material fact remaining for decision in this case. We therefore reverse the summary judgment and remand for trial.