**Gary FENDRICH and Diane Fendrich, Plaintiffs and Appellants,**

v.

**Robert LAUCK and Dorothy Lauck, Defendants and Appellees.**

**No. 13184.**

Supreme Court of South Dakota.

Argued Jan. 7, 1981.

Decided July 1, 1981.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiffs and appellants.

Thomas R. Pardy of Mumford, Protsch, Sage & Pardy, Howard, for defendants and appellees.

WOLLMAN, Chief Justice.

Appellants brought suit against appellees alleging two causes of action, malicious prosecution and libel. Appellants appeal from the trial court's entry of summary judgment in favor of appellees on both causes of action.* We affirm in part, reverse in part, and remand.

I

Malicious Prosecution

George Fendrich (appellant Gary Fendrich's uncle) owned certain farm property that appellee Robert Lauck had farmed under an oral lease since 1970. In the fall of 1978, Gary Fendrich expressed an interest in renting this property and was informed by George Fendrich that he could do so. Although the two men apparently realized that Lauck's lease had not yet expired, they decided that the land needed to be fall plowed. On August 29, 1978, the two men went to plow the property even though neither of them had received Robert Lauck's permission to do so. Upon arrival, however, Lauck would not permit them to plow because he wanted his cattle to graze on the stubble.

About a week later Gary Fendrich entered onto the property at approximately 10:30 p. m. without Lauck's permission and plowed some twelve to fourteen acres. He testified that he did so knowing that Lauck's lease ran until March 1 of the following year.

Upon discovering that part of the land had been plowed and that the locked wire gate providing access to the field had been torn down, Lauck signed a complaint for criminal trespass against Gary Fendrich, apparently after discussing the facts with the State's Attorney. The case against Fendrich went to trial, and he was found not guilty.

Appellants' complaint alleges that when Robert Lauck signed the criminal complaint he knew or should have known that the charge was false, groundless and without basis in law or fact and that his signing the complaint was therefore a willful and malicious act. The trial court found that no genuine issue of fact existed and held that Robert Lauck had probable cause to sign the complaint.

The absence of probable cause in commencing an original criminal proceeding is an element of malicious prosecution. *Kunz v. Johnson*, 74 S.D. 577, 57 N.W.2d 116 (1953). We recently stated that "[i]n cases with undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, but if the facts are in conflict and reasonable minds could reach different conclusions, it is for the jury's determination after proper instruction by the court." *Bucher v. Staley*, 297 N.W.2d 802, 805 (S.D.1980). Here, it was undisputed that Lauck's lease to the property had not yet expired and that Gary Fendrich nevertheless plowed part of the land without Lauck's permission, knowing that Lauck did not want it plowed. It is also apparent that George Fendrich, the lessor, did not have the authority to allow Gary Fendrich to plow the land without Lauck's permission.

We hold that the trial court did not err in granting summary judgment for appellees. The undisputed facts show that Lauck had probable cause to sign a criminal complaint.

II

Libel

The libel action is the result of an unrelated incident in which a handprinted

---

* By stipulation of counsel, Dorothy Lauck has been dismissed as a defendant in the malicious prosecution count, and Robert Lauck has been dismissed as a defendant in the libel count.

letter was mailed to the McCook County Sheriff on or about October 11, 1976. This letter read as follows:

> Did you check out Diane and Gary Fendrich for the robbery at P.A. [Pleasant Acres] Cafe?

Dorothy Lauck stated in her deposition that she did not know that there had been a robbery (actually a burglary) at the Pleasant Acres Cafe and denied writing the letter; appellants contend that they can prove that she authored the letter.

The trial court granted summary judgment and dismissed appellants' libel action on the following grounds:

> 1. That the statement upon which this cause of action is based is not libelous per se;
>
> 2. That the publication as published constitutes a qualified privilege;
>
> 3. That there are no facts to support a showing of actual malice, express or in fact[.]

Appellants contend that the trial court improperly granted summary judgment. We agree.

SDCL 20–11–5 provides in pertinent part:

> A privileged communication is one made:
>
> . . . .
>
> (3) In a communication, without malice, to a person interested therein, by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information;
>
> . . . .
>
> In the cases provided for in subdivisions (3) . . . of this section, malice is not inferred from the communication or publication.

SDCL 20–11–3 provides:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

We conclude that the statement contained in the letter is libelous per se. *Broking v. Phoenix Newspapers*, 76 Ariz. 334, 264 P.2d 413 (1953); *Walker v. Kansas City Star Company*, 406 S.W.2d 44 (Mo.1966); 50 Am.Jur.2d *Libel and Slander* § 11 (1970). See also *Niblo v. Ede*, 35 S.D. 359, 152 N.W. 284 (1915); *Sherin v. Eastwood*, 27 S.D. 312, 131 N.W. 287 (1911).

There remains the question whether appellants made an adequate showing to raise a genuine issue of fact on the question of malice. See *Uken v. Sloat*, 296 N.W.2d 540 (S.D.1980); *Wollman v. Graff*, 287 N.W.2d 104 (S.D.1980). We hold that they did. Dorothy Lauck's denial of any knowledge of the fact of the alleged crime would itself be evidence of malice if it is later established that she authored the letter, inasmuch as she would hardly be in a position at trial to claim that she had a good faith belief that appellants were involved in the incident.

For the foregoing reasons, the trial court should not have entered summary judgment. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968).

The entry of summary judgment in the malicious prosecution cause of action is affirmed. The entry of summary judgment in the libel cause of action is reversed, and the case is remanded to the circuit court for trial on that issue.

DUNN and FOSHEIM, JJ., concur.

MORGAN, J., concurs specially.

HENDERSON, J., concurs in part and dissents in part.

MORGAN, Justice (concurring specially).

I concur in the majority opinion and write specially only to point out that with respect to the libel action I think this was an inappropriate instance for the grant of summary judgment as per our previous

holding in *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968).

While the pleadings put the authorship of the letter in dispute, on a motion for summary judgment the defense shifted to the issue of the nature of the letter as libelous per se or per quod and the issue of privilege and malice. This presumes that appellee wrote the letter. The trial court apparently presumed that, because its ruling was restricted to the determination that the letter was not libelous per se and was qualifiedly privileged, no facts supported a showing of malice.

It is apparently agreed that the letter *was* libelous per se and qualifiedly privileged. The issue is, were there facts that showed malice. As I read the majority opinion there were, because the trial court had before it the statement of the author that she did not know anything about the facts of the crime. Her case cannot rise above her own admission. To write such a letter without knowledge of the facts to connect the appellants with the crime is malicious. That statement and the reasonable inferences to be drawn from it most favorable to the nonmoving party * were before the trial court at the time of the motion for summary judgment. It is no more conjecture on what will be produced at trial than any other testimony or affidavit in support of, or opposition to, any motion for summary judgment. It certainly is not in the category of "possible evidence," that might be produced at trial, that we rejected recently in *Kohlman v. Cahill*, 301 N.W.2d 664 (S.D.1981).

HENDERSON, Justice (concurring in part, dissenting in part).

I would hold that the trial court's entry of summary judgment was correct with regard to both the malicious prosecution and libel causes of action.

Upon a motion timely made, summary judgment will be granted to the movant if there exists no genuine issue of material fact. SDCL 15–6–56(c); *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). I cannot dispute that the letter in question is libelous per se. SDCL 20–11–3. Nor do I contest the assertion that the letter constituted a privileged communication. SDCL 20–11–5(3); *see also Vogel v. Gruaz*, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158 (1884); *Danias v. Fakis*, 261 A.2d 529 (Del.Super.1969); *Shinglemeyer v. Wright*, 124 Mich. 230, 82 N.W. 887 (1900); *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex.Civ. App.1977); *Otten v. Schutt*, 15 Wis.2d 497, 113 N.W.2d 152 (1962). Since the letter was a privileged communiqué, then it was incumbent upon appellants to adequately show that there existed a genuine issue of material fact on the question of malice. *Uken v. Sloat*, 296 N.W.2d 540 (S.D.1980). This, I believe, appellants failed to do.

No affidavits, testimony or reports were submitted to the trial court, excepting the depositions of the parties themselves. In her deposition, Dorothy Lauck unequivocally denied writing the letter in question and maintained that she had no knowledge of the crime referred to therein. Appellants both deposed that they believed that Dorothy Lauck authored the letter. Their belief was based almost entirely on a handwriting analysis which they referred to several times during their testimony. For some reason, however, this phantom analysis was never submitted to the trial court and, accordingly, was not included in the settled record. Moreover, there is absolutely no evidence in the record indicating any ill will between the parties at the time the letter was written. In fact, the record reflects that appellants themselves were aware of no difficulties between the parties prior to and at the time of Dorothy Lauck's alleged conduct. The record is devoid of any malice, express or in fact.

The majority opinion holds that the issue of malice was adequately raised because Dorothy Lauck denied any knowledge of

---

* *Marts v. Sutton*, 275 N.W.2d 357 (S.D.1979); *Stricker v. Swift Bros. Construction*, 260 N.W.2d 500 (S.D.1977).

the burglary. Consequently, reasons the majority, *"if it is later established"* (emphasis mine) that Dorothy Lauck did indeed write the letter, it would be impossible for her to contend that she believed, in good faith, that appellants had committed the crime.

A trial judge cannot deny a motion for summary judgment due to evidence that is anticipated at trial. Such an expectancy of proof begs the entire process and purpose of discovery, that is, to avoid an evidentiary ambush. In this case, appellants would hope to ambush Dorothy Lauck at trial with an arrow of malice.

Summary judgment is based upon facts in the record, as distinguished from presumptions of facts not in the record. Were this Court to follow the reasoning of the special concurrence, trial judges would be relegated to the role of mystics and swamis. Trial judges cannot gaze into a crystal ball and base their decisions upon what might be proven at trial.

*Marts v. Sutton*, 275 N.W.2d 357 (1979), cited in the special concurrence, is inapposite; in that case there was concrete evidence (not a presumption) that the fire emanated from the Suttons' garbage dump. Here, there is not one scintilla of evidence establishing that Dorothy Lauck wrote the letter in question. I also fail to find anything in *Stricker v. Swift Bros. Construction*, 260 N.W.2d 500 (1977), excepting the dissent therein, that supports the rationale of the special concurrence.

In *Kohlman v. Cahill*, 301 N.W.2d 664, 666 (S.D.1981), this Court stated:

During appellate oral argument, counsel for appellants urged that had summary judgment been denied and the matter proceeded to trial, appellants probably could have produced evidence at trial of direct solicitation. Such an argument could undoubtedly be raised in most motions for summary judgment.... We will not set aside the trial court's [order of summary judgment] on such speculation and conjecture.

It would appear that the verbiage in *Kohlman* is equally applicable in this case, that is, appellants should not be permitted to get past a motion for summary judgment on the speculative and conjectural basis of proving malice at trial.

When ruling on a motion for summary judgment, the trial court, as well as we at the appellate level, cannot speculate as to what might be established at trial. Rather, the record itself must be examined to determine if summary judgment is appropriate. SDCL 15–6–56(c). It is the reality of the present, not conjectures on the future, which determines the proper applicability of summary judgment.

I would affirm the trial court's order of summary judgment on the issue of libel.